# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER A. MCKINNEY

    Petitioner,

v.                                                                                   Civil Action No.: 2:16–CV–16
                                                                                                      (JUDGE BAILEY)

PATRICK MIRANDY,
Warden,

    Respondent.

## REPORT AND RECOMMENDATION

On March 9, 2016, Petitioner, Roger A. McKinney, filed a "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On the same day, the Clerk of Court sent Petitioner a Notice of General Guidelines and a Notice of Deficient Pleading. ECF No. 4. On March 14, 2016, the undersigned entered an Order Directing Respondent to Answer. ECF No. 5. On March 21, 2016, Petitioner filed a Motion to Appoint Counsel. ECF No. 10. On April 14, 2016, the Respondent, by counsel, filed his Answer and a Motion to Dismiss for Failure to Exhaust State Remedies. ECF Nos. 16 & 17. On April 21, 2016, the undersigned entered a Roseboro Notice and directed the Clerk of Court to send the same to Petitioner. ECF No. 20. The Notice advised Petitioner to file any opposition to the Respondent's Motion to Dismiss within twenty-one days. *Id*. The Notice was sent to Petitioner via certified mail, and the Court received the return receipt on April 26, 2016. ECF No. 22. To date, Petitioner has not filed any other motions.

## I. BACKGROUND

A. THE INSTANT § 2254 PETITION

Petitioner raises four grounds for relief in the instant Petition: (1) ineffective assistance of

trial counsel regarding counsel's conduct related to the plea bargain; (2) ineffective assistance of trial counsel with respect to counsel's advice concerning the impact of using a toy gun on Petitioner's robbery charge; (3) his plea bargain was unfulfilled; and (4) the trial judge's failure to recuse himself. ECF No. 1.

**B. UNDERLYING CONVICTION AND SUBSEQUENT STATE PROCEEDINGS**

In his Petition, Mr. McKinney explains that he was convicted of one count Armed Robbery in the Circuit Court of Harrison County, West Virginia. *Id.* at 2. Petitioner pleaded guilty. *Id.* After his conviction, Petitioner appealed to the West Virginia Supreme Court of Appeals ("WVSCA"). *Id.* On appeal, Petitioner raised the following grounds: "Ineffective assistance of counsel, Judge was prior counsel, toy gun issue, unfulfilled plea bargain by the prosecutor." *Id.* Petitioner further admits that his appeal was refused[1] on October 8, 2009. *Id.*

After his appeal was refused by the WVSCA, Petitioner filed three petitions seeking a writ of habeas corpus. All three petitions raised the same grounds as Petitioner's direct appeal, and all three were denied. Petitioner failed to appeal the circuit court's decisions denying the first two petitions. After his third habeas petition was denied by the circuit court, Petitioner filed a Notice of Appeal, and sought permission to appeal the denial of his first state habeas, or in the alternative, to appeal the summary denial of his third state habeas. The WVSCA denied his request to appeal the denial of his first habeas petition, but it docketed his appeal of the denial of his third petition. Then,

---

[1] As the Respondent points out, "[p]rior to 2011, appellate review by the West Virginia Supreme Court of Appeals was discretionary. *See Smith v. Hedrick*, . . . 382 S.E.2d 588, 588 (1989). The discretionary nature of review was altered by the adoption of West Virginia's Revised Rules of Appellate Procedure on December 1, 2010. *See* W. Va. R. App. P. 1(b) ("These rules are intended to provide a complete, expeditious, and effective method of review in *all cases* where a party is permitted by law to seek an appeal . . . .") (emphasis added). Under the revised rules, every perfected appeal is addressed on the merits and every case receives, at the very least, an unpublished memorandum decision; under the old rules, it was possible for a petition for appeal to be refused, which resulted in the circuit court's ruling being affirmed without review on the merits."

on February 5, 2016, Petitioner moved to voluntarily dismiss his appeal. The WVSCA granted the motion to dismiss on March 14, 2016.

**C. THE STANDARDS FOR EXHAUSTION**

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. *See* 28 U.S.C. § 2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Castille v. Peoples*, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Footman v. Singletary*, 978 F.2d 1207, 1210–11 (11th Cir. 1992) (finding that comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997).

"A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Id.* at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. at 32; *see also Howell v. Mississippi*, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising

3

the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the WVSCA. *See Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); *see also Bayerle v. Godwin*, 825 F.Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied*, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id.* "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.*

## II. DISCUSSION

The Respondent contends that Petitioner has failed to exhaust his State remedies, and the undersigned agrees. The WVSCA's refusal to take Petitioner's appeal was not a decision on the merits. Further, even though Petitioner has raised those same issues in three separate State habeas proceedings, those issues have yet to be decided on the merits by the WVSCA. Petitioner only appealed the circuit court's decision in his third habeas petition, but he voluntarily moved for its dismissal before the WVSCA considered it.

Moreover, Petitioner has offered no argument that would allow him to continue in this Court, under these facts, without exhausting his state remedies. It is his burden to so demonstrate.

4

## III. RECOMMENDATION

Therefore, the undersigned **RECOMMENDS** that the Respondent's [**ECF No. 17**] Motion to Dismiss for Failure to Exhaust State Remedies be **GRANTED**; Petitioner's [**ECF No. 1**] Petition for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust State Remedies; and Petitioner's [**ECF No. 10**] Motion to Appoint Counsel be **DENIED AS MOOT**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge.

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(l); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further **DIRECTED** to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: July 28, 2016

/s/ *James E. Seibert*
**JAMES E. SEIBERT**
**U.S. MAGISTRATE JUDGE**